ISMAIL J. RAMSEY (CABN 189820s)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Fax: (415) 436-7234
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23:CR-00087 TLT |
| Plaintiff, | **UNITED STATES' MOTION FOR DETENTION** |
| v. | Date: April 13, 2023 |
|  | Time: 10:30 a.m. |
| OLVIN OCHOA-CRUZ; | Court: Honorable Lisa J. Cisneros |
| DARWIN OCHOA-CRUZ; | |
| CARLOS RIVAS | |
| Defendants. | |

UNITED STATES' DETENTION MEMORANDUM   1
3:23:CR-00087 TLT

## I.     INTRODUCTION

Fentanyl is the leading cause of drug overdose deaths in the United States. 2 mg of fentanyl can kill.[1] On the night of his arrest, defendant Darwin Ochoa-Cruz possessed 850 gra of fentanyl. He drove from Oakland to San Francisco on a regular basis to sell addiction and suffering to vulnerable people. His residence in Oakland contained all the tools of his drug trade – $14,000 in cash, a hydraulic pill press, scales, dyes and drug packaging material, pounds of cutting agents and pill presses and forms. The defendant is a danger to the community and a significant flight risk. He cannot overcome the presumption that there is no condition or combination of conditions that can secure his appearance before the Court or provide for the safety of the community. The government requests that he be detained pending trial.

## II.     FACTUAL BACKGROUND

### A.     Charged Conduct

On November 8, 2022 San Francisco Police Department ("SFPD") was conducting an undercover buy operation in the area of 7th and Market Streets, in San Francisco. The under-cover office ("UC") purchased fentanyl from a seller, and then asked that seller if he had methamphetamine. The seller directed the UC to the defendant, who offered to sell the UC methamphetamine. On December 27, 2022, police observed Mr. Ochoa-Cruz engaging in a number of hand-to-hand drug transactions on 7th and Market Street. SFPD obtained a GPS tracker warrant for the car the defendant was seen utilizing. The car would travel from the defendant's apartment in Oakland to the SoMa or Tenderloin area in the early evening. The vehicle would park at various parking lots in San Francisco where it would remain for most of the evening and early morning before returning to Oakland.

///

///

///

///

///

---

[1] https://www.dea.gov/resources/facts-about-fentanyl

UNITED STATES' DETENTION MEMORANDUM     2
3:23:CR-00087 TLT

On February 1, 2023, the defendant and his two co-defendants drove from Oakland to San Francisco. Police arrested the defendant and searched the backpack he was wearing. In the backpack they found 1,713 grams of fentanyl, 256 grams of methamphetamine and 60 grams of heroin.

  

The same night of the arrest, SFPD executed a search warrant at the defendant's apartment. Inside his residence police found 1,855.7 grams of fentanyl, $14,000 in cash, a hydraulic pill press, digital scales, mixing and coloring equipment, and drug presses and forms.

On March 28, 2023, a federal grand jury in the Northern District of California returned an indictment charging the defendant with one count of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), possession with intent to distribute 40 grams or more of a mixture or substance containing fentanyl; 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine; and one count of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), possession with intent to distribute a Schedule I or II controlled substance.

### III.    LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767

F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonable assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F. 3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.*

### IV.     ARGUMENT

#### A.     The defendant faces a rebuttable presumption in favor of detention.

On February 1, 2023, the defendant was arrested in physical possession of fentanyl, methamphetamine and heroin. A grand jury returned an indictment charging him with one count of possession to distribute fentanyl, one count of possession to distribute methamphetamine and one count of possession to distribute a Schedule I or II controlled substance. Therefore, there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that

no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

### B. The defendant cannot overcome the presumption that he is a flight risk.

The defendant is a substantial flight risk. He is not a citizen of the United States and has been deported to Honduras on at least two occasions. He faces a significant penalty if convicted (a mandatory minimum) and also faces potential deportation. Additionally, the evidence against the defendant is very strong. *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cr. 1991) (strong evidence of guilt "makes it more likely that he will flee"). Prior to his arrest on the instant case, the defendant attempted to sell suspected methamphetamine to a UC and he was seen in the area of 7th and Market conducting hand to hand transactions. On the night he was arrested he had incredibly large quantities of drugs on his person, and his apartment contained a large quantity of fentanyl and the equipment to prepare, package and sell drugs.

The defendant also possesses the financial means to abscond. He had $14,000 in cash in his apartment. The fentanyl, methamphetamine and heroin found in his backpack and residence is worth a significant amount of money in street value. With access to such significant quantities of drugs, it is reasonable to think he has access to additional sources of funding, even after this particular stash has been seized. It is also reasonable to think he has connections to networks that may assist him in flight from court-imposed oversight. For all these reasons, he poses a substantial flight risk.

### C. The defendant cannot overcome the presumption that he is a danger to the community.

There is danger to the community because of the astonishing quantity and variety of drugs in the defendant's possession. Methamphetamine and heroin are dangerous drugs. Fentanyl is a particularly lethal drug and the defendant had pounds of it. If the defendant is released and able to continue distributing controlled substances, particularly fentanyl, that will pose a severe danger to the community and all those who come in contact with fentanyl – either intentionally or inadvertently. *See, e.g.*, *United States v. Alfonso Ramos*, No. 3:20-mj-71799- MAG-1 (EJD), 2020 U.S. Dist. LEXIS 244831, at *7 (N.D. Cal. Dec. 29, 2020) (sale of approximately 227 grams of fentanyl showed defendant posed a danger to the community because "[f]entanyl is among the most dangerous and deadly illegal drugs").

## V. CONCLUSION

The defendant cannot overcome the presumption that there are no set of conditions that will reasonably assure the safety of the community or ensure his appearance at court proceedings. The Court should order the defendant detained pending trial.

DATED: April 12, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 */s/ Emily R. Dahlke*
EMILY R. DAHLKE
Assistant United States Attorney